UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALPHIE HAYES,

                              Plaintiff,

              -against-

MIRIAM E. ROCAH,

                              Defendant.

25-CV-10272 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983. He names former Westchester County District Attorney Miriam E. Rocah and asserts claims arising from a September 30, 2023 incident that occurred on the Sprain Brook Parkway in Yonkers, New York. First, he alleges that State Trooper Thomas Charko and officers from the Westchester County Police Department and the Yonkers Police Department broke his car windows, arrested him, and put a bag over his head. Second, he claims that an emergency medical technician ("EMT") injected him with "psych meds" and took him to Westchester Medical Center, where he was involuntarily hospitalized. (ECF 1 at 4.) By order dated June 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.     Prosecutorial immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against Defendant Rocah are based on actions within the scope of Defendant's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim

against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.    State Trooper Thomas Charko and Westchester Medical Center**

Plaintiff alleges that Trooper Charko was involved in arresting him, and that he was involuntarily hospitalized at Westchester Medical Center, but does not list Charko or Westchester Medical Center as defendants. Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added a party as a defendant in an action, though that party is not named as a defendant in the complaint, because the party is mentioned in "the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

In light of Plaintiff's *pro se* status and clear intention to assert claims against Trooper Charko and Westchester Medical Center, the Court construes the complaint as asserting claims against Trooper Charko and Westchester Medical Center. The Court directs the Clerk of Court to: (1) amend the caption of this action to add Trooper Charko and the Westchester Medical Center as Defendants and (2) change the title of the action to *Hayes v. Charko*. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Trooper Charko and Westchester Medical Center may wish to assert.

3

**C.      Order of service on Trooper Charko and Westchester Medical Center**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Charko and Westchester Medical

Center through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The

Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all

the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

**D.      Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying defendants. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

4

sufficient information to permit the County Attorney for Westchester County and the Corporation Counsel for the City of Yonkers to identify the officers who arrested Plaintiff on September 30, 2023. It is therefore ordered that the County Attorney for Westchester County, and the Corporation Counsel for the City of Yonkers, who are the attorneys for and agents of the Westchester entities (the Westchester County Police Department and the Westchester Medical Center), and the Yonkers Police Department respectively, must ascertain the identity and badge number of each Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] Because it is not clear who employed the EMT involved in the September 30, 2023 incident, the Court directs the County Attorney for Westchester County and the Corporation Counsel for the City of Yonkers to make that determination, and whichever entity can provide that person's name and service address should do so. The County Attorney for Westchester County and the Corporation Counsel for the City of Yonkers must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[2] If the Doe defendant is not a current employee or official, the County Attorney for Westchester County and the Corporation Counsel for the City of Yonkers must provide a residential or other address where the individual may be served.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Miriam E. Rocah on immunity grounds and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court directs the Clerk of Court to amend the caption of this action to add as Defendants New York State Trooper Thomas Charko # 1446, and the Westchester Medical Center. The Court further directs the Clerk of Court to change the title of the action to *Hayes v. Charko. See* Fed. R. Civ. P. 21.

The Clerk of Court is also instructed to issue a summons for Defendants State Trooper Thomas Charko #1446 and Westchester Medical Center, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail: (1) an information package to Plaintiff; (2) a copy of this order and the complaint to the County Attorney for Westchester County at: 148 Martine Avenue, White Plains, NY 10601; and (3) a copy of this order and the complaint to the Corporation Counsel for the City of Yonkers at: 40 South Broadway, Room 300, Yonkers, NY 10701.

An amended complaint form is attached to this order.

6

Plaintiff may receive court documents by email by completing a <u>Consent to Electronic Service</u> form.[3]

SO ORDERED.

Dated:    June 22, 2026
          White Plains, New York

_____
                                              *Jessica Clarke*

                                              JESSICA G. L. CLARKE
                                              United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      State Trooper Thomas Charko #1446
        New York State Police – SP Hawthorne
        Taconic State Parkway
        Hawthorne, NY 10532

2.      Westchester Medical Center
        100 Woods Road
        Valhalla, New York 10595

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes     ☐ No
(check one)

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
    Street Address _____
    County, City _____
    State & Zip Code _____
    Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 2    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 3    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 4    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    Where did the events giving rise to your claim(s) occur? _____

_____


B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____


C.    Facts: _____

_____

**What happened to you?**

_____

_____

_____

**Who did what?**

_____

_____

_____

**Was anyone else involved?**

_____

_____

**Who else saw what happened?**

_____

_____

_____

_____


### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____


*Rev. 12/2009*                3

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*  _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____

*Rev. 12/2009*                                4